**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

ALVA R. COLLINS                                                                PLAINTIFF

V.                          No. 3:25-CV-00145-LPR-ERE

SOCIAL SECURITY ADMINISTRATION,
Commissioner                                                              DEFENDANT

**RECOMMENDED DISPOSITION**

This Recommended Disposition ("RD") has been sent to United States District Judge Lee P. Rudofsky. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## I.    Background

On July 19, 2021, Mr. Alva R. Collins filed an application for supplemental security income benefits due to post-traumatic stress disorder, depression, anxiety, and schizophrenia. *Tr. 17, 113, 287.* Mr. Collins' claim was denied initially and upon reconsideration. On June 12, 2024, at Mr. Collins' request, an Administrative Law Judge ("ALJ") held a hearing, where the ALJ heard testimony from Mr. Collins and a vocational expert ("VE"). *Tr. 17, 37-83.* The ALJ issued a decision on July 26, 2024, finding that Mr. Collins was not disabled. *Tr. 17-30.* The Appeals Council

1

denied Mr. Collins' request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-6.*

Mr. Collins, who was fifty-three years old at the time of the hearing, has a high school education and no past relevant work experience. *Tr. 41, 77.*

## II.   The ALJ's Decision[1]

The ALJ found that Mr. Collins had not engaged in substantial gainful activity since the application date of July 19, 2021. *Tr. 20.* The ALJ also concluded that Mr. Collins had the following severe impairments: a history of bilateral hearing loss; a history of right shoulder impingement; a history of right sided carpal tunnel syndrome; obesity; anxiety; post-traumatic stress disorder; and cannabis abuse. *Tr. 20.* However, the ALJ concluded that Mr. Collins did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 20-22.*

According to the ALJ, Mr. Collins had the residual functional capacity ("RFC") to perform medium work, with the following limitations: (1) no more than occasional overhead reaching with the right upper extremity; (2) no more than

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 416.920(a)-(g).

frequent fingering and handling; (3) limited to workplace hearing levels of 40 decibels in performance of job tasks; (4) can perform simple, routine, and repetitive [tasks] with the ability to make simple work-related decisions; and (5) occasional interaction with coworkers, supervisors, and the public. *Tr. 22.*

In response to hypothetical questions incorporating the above limitations, the VE testified that a substantial number of potential jobs were available in the national economy that Mr. Collins could perform, including cart attendant, automobile detailer, and meat clerk. *Tr. 29, 78-79.* Accordingly, the ALJ determined that Mr. Collins was not disabled.

## III.   Discussion

### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015).

The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B.   Mr. Collins' Arguments for Reversal

Mr. Collins contends that the Commissioner's decision is not supported by substantial evidence, because the ALJ: (1) failed to properly evaluate Mr. Collins' subjective complaints; (2) erred in finding that Mr. Collins could perform medium exertional work; and (3) presented hypotheticals to the VE at Step Five that did not incorporate all of his limitations. *Doc. 8.* After carefully reviewing the record as a whole, I recommend affirming the Commissioner.

### C.   Analysis

#### 1.  Subjective Complaints

Mr. Collins asserts that the ALJ did not properly evaluate his subjective complaints. According to Mr. Collins, he spends most of his day in bed, on the cousin, or in a recliner, and he could not perform the lifting, sitting, or standing identified in the RFC. *Tr. 61-66*.

When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage,

4

effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. See *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). "An ALJ need not explicitly discuss each factor," and he may "decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Id.* (internal citations omitted).

When assessing Mr. Collin's subjective complaints, the ALJ appears to have considered the entire record. Mr. Collins had a right shoulder injury that resulted in occasionally reduced range of motion. *Tr. 24-25*. After a 2020 arthroscopic decompression surgery, 2021 clinical notes showed improvement in his condition, with intact right upper extremity strength and intact motor function. *Tr. 24, 586*. Mr. Collins told his surgeon that he was performing home exercises and was pleased with the outcome of his surgery. *Id*. In 2022, Mr. Collins showed normal musculoskeletal strength and tone and normal movement in all extremities, but he had some right shoulder tenderness. *Tr. 804-807*. He also denied having any other issues, other than hearing loss, which was accounted for in the RFC. *Id*; *Tr. 22*. Mr. Collins was treated conservatively with medication and was told to follow up in three months. *Id*. In 2023, Mr. Collins had a grossly normal musculoskeletal examination and his only reason for the appointment was chest pain. *Tr. 915-918*.

Mr. Collins also had moderate mental health symptoms, but his mental status examinations were generally normal. *Tr. 26-27, 642, 695, 765-768, 773-774,901*.

He treated conservatively with therapy and medications, which he said were helpful. *Tr. 26, 897.* In 2023, Mr. Collins reported to his provider that he was doing fine and that he was able to deal with stressors. *Id*. The need for only conservative treatment contradicts allegations of disabling conditions. *Thomas v. Barnhart*, 130 Fed. Appx. 62, 63 (8th Cir. 2005).

Mr. Collins could perform some daily activities, like making sandwiches, sweeping his room, watching television, dressing and bathing himself, and eating dinner with his mother. *Tr. 24-26, 309, 338-340*. He also said he could lift up to 35 pounds. *Tr. 313.* Such daily activities undermine his claims of disability. *Andrews v. Colvin*, 791 F.3d 923, 929 (8th Cir. 2015); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). Additionally, no doctor placed any work restrictions on Mr. Collins. *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009) ("A lack of functional restrictions on the claimant's activities is inconsistent with a disability claim . . . .").

The ALJ thoroughly discussed Mr. Collins' medical records and found that his subjective allegations were inconsistent with his "treatment-seeking history, diagnostic test results, clinical signs, reported symptoms, medication, and other prescribed treatment." *Tr. 24*. Mr. Collins' assertion that he lays in bed all day and is unable to sit or stand for more than a few minutes was contradicted by the medical evidence as a whole. *Tr. 23*.

The ALJ properly considered the required factors and did not err in finding that Mr. Collins' subjective complaints were inconsistent with the record.[2]

### 2. RFC for medium work

Mr. Collins contends that he is unable perform medium work, which is defined as lifting or carrying no more than 50 pounds at a time with frequent lifting and carrying of up to 25 pounds, with a good deal of walking or standing. 20 C.F.R. § 404.1567(c). Again, Mr. Collins improved with conservative treatment, generally had normal musculoskeletal exams, and could perform a variety of daily activities. Sufficient objective medical evidence supports the ALJ's finding that Mr. Collins could perform medium work. The ALJ considered and discussed the relevant evidence, and the RFC incorporated all of Mr. Collins' credible limitations.[3]

### 3. Step Five

Finally, Mr. Collins contends that the ALJ erred at Step Five because the ALJ asked the VE hypothetical questions regarding only medium work.

An ALJ's RFC and hypotheticals only need to include all credible limitations the ALJ finds are established by the evidence. *Buckner v. Astrue*, 646 F.3d 549, 560

---

[2] Mr. Collins states that the ALJ erred by not discussing the statements from his mother and sister, which portrayed him as having disabling impairments. *Tr. 416-424*. An ALJ is not required to articulate how opinions from non-medical sources are considered. 20 C.F.R. § 416.920(d). An ALJ's decision not to discuss certain evidence does not mean he did not consider it. *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010).

[3] The RFC also contained postural limitations showing that the ALJ considered Mr. Collins' alleged limitations with certain movements. *Tr. 22*.

(8th Cir. 2011). Notably, two-state agency reviewing experts found Mr. Collins could perform medium work, and the ALJ explained in full why these opinions were persuasive and consistent with the record as a whole. *Tr. 26. 114-130*. The ALJ properly presented hypotheticals to the VE that incorporated these opinions. Additionally, if Mr. Collins' attorney believed that the hypotheticals contained insufficient limitations, he could have raised the issue in follow-up questioning, but he did not. Instead, Mr. Collins' attorney focused on unexcused absences, the need for additional breaks, and not meeting production quotas. *Tr. 79-81*.

The ALJ's hypotheticals reflected the limitations which the ALJ found to be credible and was supported by the medical evidence as a whole.

## IV.    Conclusion

The ALJ applied proper legal standards in evaluating Mr. Collins' claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the decision and enter judgment in favor of the Commissioner.

Dated 27 April 2026.

_____
UNITED STATES MAGISTRATE JUDGE